UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANNA M. RIVERA o/b/o A.C., a minor,

                    Plaintiff,

   v.                                                **DECISION AND ORDER**
                                                                      13-CV-610S

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

1.      Plaintiff Anna M. Rivera challenges an Administrative Law Judge's ("ALJ") decision, dated July 29, 2011, wherein the ALJ determined that Plaintiff's daughter was not disabled under section 1614(a)(3)(C) of the Social Security Act. Plaintiff protectively filed an application for supplemental security income on May 7, 2009, alleging that the child's disability began on July 15, 2004. Plaintiff subsequently amended the onset date to May 7, 2009, the application date. Plaintiff now contends that the ALJ's determination is not based upon substantial evidence, and reversal is warranted.

2.      Plaintiff's application was initially denied on August 10, 2009. A hearing was granted on that denial and, on June 17, 2011, at which both Plaintiff and her daughter testified before the ALJ. The ALJ issued a decision denying the application for supplemental security income on July 29, 2011. After acknowledging receipt of additional evidence, the Appeals Council denied Plaintiff's request for review on May 21, 2013, rendering the ALJ's determination the final decision of the Commissioner. Plaintiff filed the instant action on June 12, 2013.

3.      Plaintiff and the Commissioner each filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v.

M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971) (internal quotation marks and citation omitted). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982), *cert denied*, 459 U.S. 1212 (1983).

5. To determine whether the ALJ's findings are supported by substantial evidence, "a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of

Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

      6.      An individual under the age of 18 is considered disabled when he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner has established a three-step sequential evaluation process to determine whether a child is disabled as defined under the Act. See 20 C.F.R. § 416.924. Specifically, it must be determined whether: (1) the child has not engaged in any substantial gainful activity; (2) if not, whether he or she has a "severe" impairment or combination of impairments that cause "more than minimal functional limitations;" and (3) his or her impairment or combination of impairments is of listing-level severity, in that it meets, medically equals, or functionally equals the severity of a listed impairment. See 20 C.F.R. § 416.924; see also 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments").

      7.      Where an impairment medically meets or equals a listed impairment, the child will be found disabled. 20 C.F.R. §§ 416.924(d)(1); 416.925. If a child's impairment or combination thereof does not meet or equal a listed impairment, the ALJ must assess all functional limitations caused by the child's impairments in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for self; and (6) health and physical well-being. 20 C.F.R. § 416.926a(a),(b)(1). A child is classified as disabled if he or she has a "marked" limitation in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. §§ 416.926a(d). A "marked" limitation exists when an impairment or the cumulative effect of impairments "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. §

416.926a(e)(2)(i)). An "extreme" limitation "interferes very seriously" with that ability. 20 C.F.R. § 414.926a(e)(3)(i).

8. After applying the three-step evaluation in this case, the ALJ concluded that Plaintiff's child, who was ten years old at the time of the decision: (1) had not engaged in substantial activity since the application date of May 7, 2009; (2) had the following severe impairments: anxiety disorder and Attention Deficit Hyperactivity Disorder ("ADHD"); and (3) did not have an impairment or combination of impairments that either met, medically equaled, or functionally equaled a listed impairment. (R. 25-26.)  With respect to the specific functional-equivalent domains, the ALJ found that Plaintiff's child had a less than marked limitation in acquiring and using information and attending and completing tasks. (R. 29-31.)  The child had no limitations in the remaining four domains. (R. 31-34.) Because the child did not have an impairment or combination thereof that resulted in the functional equivalent of a listed impairment, the ALJ held that the child was not disabled under section 1614(a)(3)(C) of the Social Security Act.

9. Plaintiff first argues that the ALJ erred in failing to find the child's sexual abuse disorder to be a severe impairment.  Any error in failing to identify a severe impairment, however, is harmless if that impairment is specifically considered during the subsequent steps. See Rice ex rel. T.C.K. v. Astrue, – F. Supp. 2d –, 2012 WL 11406113, *5 (N.D.N.Y. 2012); see generally Reices-Colon v. Astrue, 523 F. App'x 796, 798 (2d Cir. 2013).  Here, even if the ALJ's erred in failing to specifically reference the child's prior trauma as "Sexual Abuse of a Child (as a Victim)" as listed in the American Psychiatric Association's Diagnostic & Statistical Manual of Mental Disorders, he specifically considered the evidence of causal links between the child's sexual abuse history and her current alleged difficulties throughout the decision. (R. 27-28, 30.)  Indeed, contrary to Plaintiff's assertion,

4

the ALJ expressly considered the opinion of Dr. Rajnisz, the school psychologist, that the child's academic difficulties might "possibly [be the result of] experiencing a trauma that pre-dated her school years." (R. 30; see R. 335 (psychologist stated that "academic difficulties may be the result of earlier trauma experienced within the home")). Any error is therefore harmless.

      10.    Plaintiff next argues that this matter must be remanded because the Appeals Council failed to appropriately weigh the opinion of the child's treating counselor submitted directly to the council following the hearing. Initially, this is not a case where the Appeals Council considered the merits of the ALJ's decision and then affirmed. Instead, although the Appeals Council made this additional evidence part of the record, it denied Plaintiff's request for review. (R. 1-4); see Snell v. Apfel,, 177 F.3d 128, 132 (2d Cir. 1999) (reviewing Appeals Council decision rendered after reconsidering and reversing the ALJ's determination based on the Council's new analysis). "SSA regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision. But if, as here, the Council denies the request for review, the ALJ's opinion becomes the final decision." Sims v. Apfel, 530 U.S. 103, 106-7, 120 S. Ct. 2080, 147 L. Ed. 2d 80 (2000); Perez v. Chater, 77 F.3d 41, 44 (2d Cir. 1996). In the instant case, it is the ALJ's determination that is the final decision of the Commissioner and therefore reviewable pursuant to 42 U.S.C. § 405(g). See DiBlasi v. Comm'r of Social Security, 660 F. Supp. 2d 401, 406 (N.D.N.Y. 2009).

    The new evidence submitted to the Appeals Council nonetheless becomes part of the administrative record to be considered by this Court in determining whether the ALJ's determination is supported by substantial evidence. Perez, 77 F.3d at 46; Sobolewski v. Apfel, 985 F. Supp. 300, 311 (E.D.N.Y. 1997). The additional opinion consists of a

preprinted functional limitation questionnaire completed by the child's licensed social worker. (R. 394-96.) As Defendant argues, a social worker is not an acceptable "medical source" to whose opinion deference is given. See 20 C.F.R. § 416.913(d); § 416.927(d),(e). "Opinions from these [other] medical sources, who are not technically deemed 'acceptable medical sources' under [Social Security Administration] rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with other relevant evidence in the file." SSR 06-03P, 2006 WL 2329939, *3 (S.S.A. Aug. 9, 2006). Here, however, the social worker merely circled conclusions on the form without any detail or explanation for those conclusions, and therefore this additional evidence does not call into question the ALJ's conclusion.

11. Contrary to Plaintiff's further contention, the decision is sufficiently specific to allow this Court to glean the rationale of the ALJ's credibility determination. Cichocki v. Astrue, 534 F. App'x 71, 76 (2d Cir. 2013). Initially, it must be noted that Plaintiff does not specify what testimony she believes the ALJ improperly discounted. This is significant because her testimony at the hearing is not that far removed from the mild findings reflected in the record. Although Plaintiff testified that the child experienced hallucinations, the ALJ correctly noted that she "did not pursue this statement when [the ALJ] noted that the record lacked this diagnosis." (R. 28; see R. 54, 64-65.) Plaintiff in fact clarified that she did not know if the child was actually hallucinating or simply having bad dreams. (R. 64 ("that's me saying the hallucinations").) Plaintiff further testified that the child saw improvement from both the "hallucinations" and the child's inappropriate sexual behaviors as a result of medication, improvements noted by the ALJ in his decision. (R. 27-28, 59.)

12. Finally, although Plaintiff correctly concedes that the opinions of Dr. Baskin and Dr. Meyer support the ALJ's conclusion, she argues that the ALJ nonetheless failed

6

to appropriately explain his consideration of these opinions in his decision.  As Defendant argues, even if the ALJ failed to adequately explain his reasoning, remand is not necessary where it is conceded that any new analysis would have no effect on the ultimate determination.  See Zabala v. Astrue, 595 F.3d 402, 409 (2d Cir. 2010) (remand unnecessary where application of the correct legal principle could only lead to the same conclusion).

13.	For the foregoing reasons, and upon a review of the record as a whole, the Court concludes that the ALJ's determination is supported by substantial evidence. Defendant's Motion for Judgment on the Pleadings is granted.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 9) is DENIED;

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 10) is GRANTED;

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated:	September 28, 2014
	Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        Chief Judge
                                        United States District Court